An Order consistent with this opinion will be entered this date.

In re Jerry Mac GRAHAM and Kathy Lee Graham d/b/a Southern Lumber Sales, Debtors.

Bankruptcy No. 85–00129(SE).
Motion 01.

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Dec. 13, 1985.

H. Mark Preyer, Kennett, Mo., for debtors.

William H. Frye, Cape Girardeau, Mo., Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### BACKGROUND

On April 10, 1985, an order for relief under Chapter 7 of the Bankruptcy Code was entered on a voluntary petition filed by Debtors. On Schedule A–2 attached to their petition, the husband listed a 1978 International Harvester truck as being subject to the security interest of International Harvester Credit Corporation. Debtors stated that the secured creditor's claim was

$3,931.50, while the market value of the truck was $3,500.00. On their Schedule B–4, each Debtor claimed a $2,000 exemption in the truck on the theory that it was a tool of the trade within the meaning of § 513.430(4) R.S.Mo. On July 24, 1985, the Debtors filed a motion to avoid International Harvester's lien pursuant to § 522(f)(2) of the Bankruptcy Code. The Court heard the motion on September 4, 1985 and reserved ruling pending the submission by Debtors' counsel of a "letter brief". That brief was submitted on October 1, 1985. For the reasons stated below, Debtors' motion must be denied.

DISCUSSION

The instant proceeding concerns a motion to avoid a lien. It is, therefore, a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K). Pursuant to 28 U.S.C. § 157(a), the District Court through its Local Rule 29 has referred this proceeding to the undersigned Bankruptcy Judge for hearing and determination.

Section 522(f)(2) of the Bankruptcy Code provides:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> ... (2) a nonpossessory, nonpurchase-money security interest in any—
> ... (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor....

Debtors argue as follows. Under Missouri law their truck is exempt as a tool of the trade. Harvester's lien impairs this exemption. Therefore, Harvester's lien is subject to avoidance under § 522(f)(2)(B). Even were Debtors' premises true—a matter on which the Court expresses no opinion—their conclusion simply does not follow.

Federal law determines the availability of lien avoidance. *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir. 1984). Only those personal goods necessary to a debtor's fresh start and of little resale value are subject to lien avoidance under § 522(f)(2). *Id.* at 631. Since the Debtors valued their truck at $3,500.00, it is not of little resale value and, accordingly, not subject to lien avoidance under § 522(f)(2).

An Order consistent with this opinion will be entered this date.